UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MINGQUI TAO and JAIN TAO,

                                                                                                             **COMPLAINT**

                  Plaintiffs,

      - against -                                                     Index #

ELITE COLD STORAGE, LLC, ELIEZE DELGADO,
JR., and JOSEPH NEWMAN,
                          Defendants

-------------------------------------------------------------------X

      Plaintiff, MINGQUI TAO, by his attorney, Aaron Lebenger, Esq. , and plaintiff JIAN TAO, by her attorney , Aaron Lebenger, Esq., files this Complaint of the Defendants, ELITE COLD STORAGE, LLC, ELIEZE DELGADO, JR., and JOSEPH NEWMAN, jointly and severally, and alleges upon information and belief:

## **INTRODUCTION**

1. This action is brought by the plaintiff, MINGQUI TAO against the defendants for common law violations wherein they have jointly and severally assaulted and battered the plaintiff, MINGQUI TAO, thus inflicting compensable person injuries.

2. This action is brought by the plaintiff, MINGQUI TAO against the defendants for violations of statutory law, 18 U.S.C. 351(E), N.J.S.A.

2C:12-1and the common law of the State of New Jersey, such that they jointly and severally assaulted and battered the plaintiff, MINGQUI TAO, thus inflicting compensable person injuries.

3. This action is brought by the plaintiff, JAIN TAO against the defendants because the defendants jointly and severally assaulted and battered the plaintiff, MINGQUI TAO, the husband of JAIN TAO, thus causing a compensable claim for loss of services.

4. That at all times hereinafter mentioned the plaintiff, MINGUI TAO, hereinafter referred to as TAO, was and still is a resident of the County of Kings, State of New York.

5. That plaintiff is currently a resident of Rockland County State of New York.

6. That at all times hereinafter mentioned the defendant, ELIEZER DELGADO, JR., hereinafter referred to as DELGADO, was a resident of Carteret Borough, County of Middlesex, State of New Jersey.

7. That at all times hereinafter mentioned the defendant, JOSEPH NEWMAN, hereinafter referred to as NEWMAN, was a resident of Carteret Borough, County of Middlesex, State of New Jersey.

8. That at all times hereinafter mentioned the defendant, ELITE COLD STORAGE, L.L.C., hereinafter referred to as ELITE, was a business

concern located in Carteret Borough, County of Middlesex, State of New Jersey.

9. That at all times hereinafter mentioned defendant ELITE maintained its business at 110 Middlesex Avenue, Carteret, New Jersey 07008.

10. That at all times hereinafter mentioned defendant ELITE maintained a warehouse at 110 Middlesex Avenue, Carteret, New Jersey 07008 for the purpose of cold storage of goods for various other concerns, mostly in the food service industry.

11. That at all times hereinafter mentioned NEWMAN was a partner in ELITE.

12. That at all times hereinafter mentioned NEWMAN had an ownership interest in ELITE.

13. That at all times hereinafter mentioned NEWMAN was an employee of ELITE.

14. That at all times hereinafter mentioned DELGADO was an employee of ELITE.

15. That on July 28, 2021, plaintiff TAO was employed as a truck driver and delivery person for Rhino Trucking, Inc., hereinafter referred to as Rhino, which was located at 150 Broadway, Staten Island, New York 10310.

16. That on July 28, 2021 plaintiff TAO, driving a truck for Rhino, in the course of him employment.

17. That on July 28, 2021 plaintiff TAO arrived at and was present at ELITE at 110 Middlesex Avenue, Carteret, New Jersey 07008.

18. That on July 28, 2021 plaintiff TAO was properly and legally present at ELITE at 110 Middlesex Avenue, Carteret, New Jersey 07008 while in the course of his employment.

19. That on July 28, 2021, while plaintiff TAO was properly and legally present at ELITE at 110 Middlesex Avenue, Carteret, New Jersey 07008, employees of ELITE were aware of his presence.

20. While plaintiff TAO was present at the facility of the defendant ELITE for purposes of delivering a shipping container for ELITE, in the course of business.

21. That on July 28, 2021, while plaintiff TAO was legally at the facility maintained by the defendant, ELITE, in the course of business, plaintiff TAO complied with all instructions given to him by employees of ELITE in conjunction with the delivery of the shipping container and any other business then and there had.

22. That on July 28, 2021, at the aforesaid facility maintained by defendant ELITE, the plaintiff TAO, was attacked, assaulted and battered by the defendant DELGADO.

23. That this aforesaid attack, assault and battering of the plaintiff TAO by the defendant DELGADO was made without any provocation by the plaintiff, TAO.

24. That this aforesaid attack, assault and battering of the plaintiff by the defendant DELGADO was totally unjustified and without any legal defense for the incident.

25. That on July 28, 2021, at the aforesaid facility maintained by defendant ELITE, the plaintiff TAO, was attacked, assaulted and battered by the defendant NEWMAN.

26. That this aforesaid attack, assault and battering of the plaintiff TAO by the defendant NEWMAN was made without any provocation by the plaintiff, TAO.

27. That this aforesaid attack, assault and battering of the plaintiff by the defendant NEWMAN was totally unjustified and without any legal defense for the incident.

28. That at the time of the aforesaid attack, assault and battering of the plaintiff, TAO, the defendant, DELGADO, was employed by and was working in has capacity of an employee of the defendant, ELITE.

29. That the aforesaid attack, assault and battering of the plaintiff, TAO, by the defendant, DELGADO, was done at the behest of and under the direction of his employer, defendant ELITE.

30. That at the time of the aforesaid attack, assault and battering of the plaintiff, TAO, the defendant, NEWMAN, was employed by and was working in has capacity of an employee of the defendant, ELITE.

31. That the aforesaid attack, assault and battering of the plaintiff, TAO, by the defendant, NEWMAN, was done at the behest of and under the direction of his employer, defendant ELITE.

32. That the aforesaid attack, assault and battering of the plaintiff, TAO, by the defendant, NEWMAN, was carried out by him his capacity as an owner of the defendant ELITE.

## CAUSE OF ACTION FOR ASSAULT

33. That the defendants DELAGADO, NEWMAN and ELITE did assault the plaintiff, TAO, at the aforesaid time and place who thereby sustained severe and protracted personal injuries.

34. That as a result of the aforesaid premises the plaintiff, TAO, was caused to hospitalized from July 28, 2021 until August 1, 2021, inclusive.

35. That as a result of the aforesaid premises the plaintiff, TAO, sustained multiple abrasions, contusions and a traumatically induced subdural hematoma as well as other injuries.

36. That as a result of the aforesaid premises the plaintiff, TAO, sustained a loss of income due to being unable to be employed for several months after the July 28,2021 as he was compelled to be absent from any employment in order to convalesce from his injuries.

37. That as a result of the aforesaid premises the plaintiff, Tao, sustained out of pocket loss to pay for hospital, health and other services associated with the care he needed as a result of his injuries.

38. The defendants herein are jointly and severally liable for the injuries and out of pocket injuries sustained by the plaintiff, TAO, as a result of their attack, assault and battery of the plaintiff, TAO, in an amount to be determined by a jury that is in excess of the jurisdictional limits of all other courts.

## CAUSE OF ACTION FOR LOSS OF SERVICES

39. Plaintiff, JAIN TAO repeats, reiterates and realleges paragraphs "1" through "38" herein, with the same full force and effect as if same were set forth at length herein.

40. At all times herein, plaintiff, JAIN TAO, was and still is the wife of plaintiff, TAO, and resided with him as such in the County of Kings, State of New York.

41. That the plaintiff, JAIN TAO, is currently a resident of the County of Rockland, State of New York.

42. That as a result of the aforesaid premises the plaintiff, JAIN TAO, has been deprived of the companionship, consortium and comfort of her husband, the plaintiff, TAO, and upon information and belief such loss and deprivation will continue for an indeterminate time into the future.

43. That as a result thereof the plaintiff, JAIN TAO, has thereby sustained a loss in an amount that exceeds the jurisdiction of all other courts.

**WHEREFORE,** plaintiff MINGQIU TAO demands judgement of the defendants, individually and severally, in his Cause Action for Assault of one million ($1,000,000.00) dollars, an amount which exceeds the jurisdictional limits of all other courts, and plaintiff, JAIN TAO, demands

judgement of the defendants, individually and severally, in her Cause Action for Loss of Services for two-hundred and fifty thousand ($250,000.00) dollars, an amount which exceeds the jurisdictional limits of all other courts, and plaintiff, both together demand costs and disbursements of this action.

Hempstead, New York
March 13, 2023

                                          Yours, etc.,

                                          __/s/ *Aaron Lebenger, Esq.*__
                                          Aaron Lebenger, Esq. (1350)
                                          Attorneys for the Plaintiff
                                          64 Hilton Avenue
                                          Hempstead, New York 11550
                                          Telephone:  516-512-9328
                                          alebber@aol.com